# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TIMOTHY JAMES VANDERDOES, | ) 1:13cv01651 AWI DLB PC |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| vs. | ) |
| | ) |
| LACKNER, et al., | ) **THIRTY-DAY DEADLINE** |
| | ) |
| Defendants. | ) |

Plaintiff Timothy James Vanderdoes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action.  Plaintiff filed his complaint on December 26, 2012, in the Tuolumne County Superior Court.  Defendants Lackner, Baldwin, Cunningham, Lopez, Reed and Pendergrass removed the action to this Court on October 10, 2013.  Defendants paid the filing fee and therefore Plaintiff is not proceeding in forma pauperis. [1]

A.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] According to the summons returned on November 22, 2013, Defendant Mendoza was served on October 30, 2013. The proof of service indicates that Solano State Prison Litigation Coordinator Amanda Thomas accepted service. Defendant Mendoza has not appeared in this action.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     <u>**SUMMARY OF PLAINTIFF'S ALLEGATIONS**</u>

Plaintiff is currently incarcerated at Sierra Conversation Center ("SCC") in Jamestown, California, where the events at issue occurred.

Plaintiff alleges that on January 26, 2012, Defendant Cunningham, who was assigned to the position of Legal Mail Liaison in Facility C, failed to perform his assigned duties with reasonable care.  Specifically, Plaintiff alleges that Defendant Cunningham failed to properly document the reassignment or position swap of Legal Mail Liaison as reflected by CDCR Form GAP-4254.  Plaintiff contends that because of this, his right to access the courts was denied.

Similarly, Plaintiff alleges that on January 26, 2012, Defendant Correctional Officer Lopez performed the duties Legal Mail Liaison in Facility C, even though he was not officially assigned to the position.  He alleges that Defendant Lopez failed to use reasonable care in performance of the duties by failing to document the reassignment or position swap as reflected by CDCR Form GAP-4254.  Because of this, Plaintiff alleges that he was denied his right of access to the courts.

Plaintiff alleges that on January 27, 2012, Defendant Mendoza took possession of the locked mailbag allegedly containing Plaintiff's outgoing legal mail.  However, he failed to verify that Plaintiff's legal mail, addressed to the San Bernardino County Superior Court, was contained in the locked mailbag as reflected by the CDCR GAP-4254 form.  Plaintiff contends that Defendant Mendoza failed to follow procedures when processing Plaintiff's outgoing legal mail, causing his legal mail to be misplaced and denying him his right of access to the courts.

In connection with Defendant Mendoza's actions, Plaintiff contends that Defendant Pendergrass, Officer Service Supervisor I, failed to properly train, supervise and hold Defendant Mendoza accountable.  Plaintiff contends that because of this, his legal mail was lost and he was denied his right of access to the courts.

Plaintiff further alleges that on March 7, 2012, March 14, 2012 and March 26, 2012, Defendant Baldwin intentionally failed to follow procedures in the Departmental Operations Manual and Title 15 related to the prompt resolution of inmate grievances set forth in CDCR Form 22 and 602 forms.  Plaintiff alleges that this caused undo delay, mental anguish and further "retarded his Constitutional Right to Redress of Grievances."  Compl. 10.

Plaintiff alleges that from February 2012 through April 2012, Defendant Reed failed to follow procedures in responding to his CDCR Form 22s within allowable time limits.  Plaintiff alleges that her failure to answer Plaintiff's CDCR Form 22s dated February 26 and April 1, 2012, caused him "undo mental anguish and unlawfully retarded Plaintiff's Right to Redress of Grievances."  Comp. 12.

Plaintiff alleges that Defendant Lackner, warden of SCC, failed to properly train, supervise and hold the above Defendants accountable from January 26, 2012, to the present.

**C.**   **ANALYSIS**

1.   Supervisory Liability

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of

*Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff attempts to impose liability against Defendants Lackner and Pendergrass based solely on their failure to train, supervise and hold certain Defendants accountable for their alleged failures in following procedures.  These allegations do not suggest that Defendants Lackner or Pendergrass were involved in the alleged violations, or knew of the alleged violations and failed to prevent them.

Accordingly, Plaintiff fails to state a claim against either Defendant Lackner or Defendant Pendergrass.

    2.    <u>First Amendment- Access to Courts</u>

Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Phillips</u>, 588 F.3d at 655.

Here, Plaintiff's allegations are too vague to allow the Court to properly analyze his claim.  He first states that Defendants Cunningham and Lopez failed to properly verify their reassignments and/or swap of positions, though it is entirely unclear how this impacted Plaintiff's access to the courts.

Plaintiff also alleges that Defendant Mendoza caused his legal mail to be misplaced, and although Plaintiff states that this resulted in a denial of access to the courts, he fails to provide sufficient detail about the pending litigation and whether he suffered any actual injury.

Accordingly, Plaintiff fails to state a claim under the First Amendment.

       3.       <u>Inmate Appeals- Due Process</u>

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).

Accordingly, Plaintiff's allegations that Defendants Baldwin and Reed failed to timely respond to his inmate grievances and/or his requests for interview do not state a due process claim.

       4.       <u>Inmate Appeals- First Amendment</u>

Insofar as Plaintiff cites a freestanding right to file grievances, he is correct that under the First Amendment, prisoners have a right to file grievances. <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012). However, Plaintiff was not prevented from filing grievances. Rather, his claim involves the timeliness of the responses. Plaintiff also presents no allegations of retaliation.

Plaintiff therefore fails to state a claim under the First Amendment related to his prison grievances.

**D.**    **<u>CONCLUSION AND ORDER</u>**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not

change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **March 14, 2014**                        /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

7