# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JAMES VANDERDOES,<br><br>               Plaintiff,<br><br>   vs.<br><br>LACKNER, et al.,<br><br>               Defendants. | 1:13cv01651 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION<br><br>**THIRTY-DAY OBJECTION DEADLINE** |

Plaintiff Timothy James Vanderdoes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed his complaint on December 26, 2012, in the Tuolumne County Superior Court. Defendants Lackner, Baldwin, Cunningham, Lopez, Reed and Pendergrass removed the action to this Court on October 10, 2013. Defendants paid the filing fee and therefore Plaintiff is not proceeding in forma pauperis.[1]

Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on April 28, 2014. He names Sierra Conversation Center ("SCC") Warden Lackner, Appeals Coordinator Baldwin, Officer Supervisor Pendergrass, Office Assistant Mendoza, mailroom employee Reed and Correctional Officers Cunningham and Lopez as Defendants.

---

[1] According to the summons returned on November 22, 2013, Defendant Mendoza was served on October 30, 2013. The proof of service indicates that Solano State Prison Litigation Coordinator Amanda Thomas accepted service. Defendant Mendoza has not appeared in this action.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at SCC in Jamestown, California, where the events at issue occurred.

On November 22, 2011, Plaintiff filed a petition for writ of habeas corpus in the San Bernardino County Superior Court challenging the denial of parole.  Respondent file a response on January 20, 2012.

On January 26, 2012, Plaintiff delivered his reply to the petition to Defendant Lopez after completing the required forms.  Plaintiff saw that although Defendant Lopez collected his mail, Defendant Cunningham's name was on the Outgoing Mail Log as the officer who collected it.

On January 27, 2012, Defendant Mendoza received the legal mail bag allegedly containing Plaintiff's reply.  Defendant Mendoza failed to verify that the reply was physically in the mailbag and failed to complete the required form.

On February 23, 2012, Plaintiff received an order denying his petition.  The order stated, "Plaintiff was given the opportunity to file a Reply and failed to do so."  ECF No. 10, at 23.

On February 26, 2012, Plaintiff submitted an inmate request to Defendant Reed requesting copies of Plaintiff's outgoing mail log for January and February 2012.

Plaintiff submitted an inmate appeal on March 5, 2012, to Defendant Baldwin, after Defendant Reed failed to respond.

Defendant Baldwin unlawfully rejected the appeal on March 7, 2012, on the erroneous ground that there was no indication that Plaintiff had filed an inmate request.

Plaintiff resubmitted the appeal on March 11, 2012.  On March 14, 2012, Defendant Baldwin appropriately rejected the appeal because Plaintiff submitted the appeal at the wrong level.

On March 16, 2012, Plaintiff resubmitted the appeal to Defendant Baldwin with an explanation as to why he was submitting the appeal to the correct level.

On March 20, 2012, Plaintiff submitted a new inmate request to Defendant Reed seeking his outgoing mail log.

On March 26, 2012, Plaintiff received a screening form from Defendant Baldwin lawfully rejecting his appeal because it was submitted to the incorrect level.  The rejection also noted that his inmate request was returned to him on March 21, 2012.

Also on March 26, 2012, Plaintiff submitted another inmate request to Defendant Reed requesting his outgoing mail log.  He submitted another request on April 1, 2012, indicating that he had received the mail log and it shows that his reply was not sent to the court.  Plaintiff asked why this happened.

On April 10, 2012, Plaintiff submitted an appeal to Defendant Baldwin.  The appeal alleged that his reply was unlawfully withheld by SCC.

On April 13, Plaintiff received a screening form from Defendant Baldwin rejecting the appeal and instructing Plaintiff to remove all tabs and resubmit.  Plaintiff resubmitted the appeal on April 18, 2012.

On May 24, 2012, Plaintiff received a First Level Response from Defendant Pendergrass. The response stated that Plaintiff's appeal was partially granted, and the names of the SCC staff members responsible for the chain of custody of Plaintiff's legal mail had been provided.

Plaintiff submitted the appeal to Defendant Baldwin for review at the Second Level on June 17, 2012.

4

Plaintiff received a response at the Second Level on July 30, 2012, from the Chief Deputy Warden.  However, the Warden made the erroneous conclusion that Plaintiff's reply was mailed to the court on January 27, 2012, without providing supporting evidence.

On August 14, 2012, Plaintiff sent his appeal to the Third Level of Review.  On October 15, 2012, the appeal was denied.

Based on these allegations, Plaintiff alleges a violation of his First Amendment right to access to the courts.  He also asserts a negligence claim under California law.

**C.    ANALYSIS**

1.    Supervisory Liability

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff attempts to impose liability against Defendant Lackner based solely on her failure to train, supervise and hold Defendants accountable for their alleged failures.  He also alleges that Defendant Pendergrass failed to perform his duties as the employee "responsible for

supervision of staff who verify and process the collected inmate legal mail from Facility C. . ." ECF No. 10, at 15.  However, Plaintiff's allegations do not suggest that either Defendant Lackner or Defendant Pendergrass was involved in the alleged violations, or knew of the alleged violations and failed to prevent them.

The Court explained this to Plaintiff in the prior screening order, but he has failed to correct the deficiencies.  Therefore, Plaintiff fails to state a claim against Defendant Lackner and Defendant Pendergrass.

2.      First Amendment- Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff alleges that Defendants Cunningham, Lopez, Mendoza and Reed negligently failed to perform their various duties related to the processing of Plaintiff's mail and/or responding to his inmate requests.  He contends that their negligence was a contributing factor "to the loss or misplacement" of Plaintiff's reply, which led to "injury" of his First Amendment right.  ECF No. 10, at 13.

Plaintiff fails to demonstrate, however, that he suffered actual injury because of Defendants' actions.  Even taking Plaintiff's allegations as true, there is no indication that he suffered actual injury because the San Bernardino Superior Court did not receive his reply.  In his FAC, Plaintiff states that he "received a court order from the San Bernardino County

Superior Court, denying [his] petition for writ of habeas stating: 'Plaintiff was given the opportunity to file a Reply and failed to do so.'" ECF No. 10, at 5. Plaintiff appears to suggest that his petition was denied *because of* his failure to file a reply. However, a review of the San Bernardino County Superior Court's order reveals that Plaintiff received a fully analyzed, five page decision on the merits of his claim. ECF No. 10, at 23-28. While the court noted in the opening paragraph of the order that Plaintiff did not file a reply, his failure to do so did not prevent the court from issuing a decision on the merits of each of Plaintiff's three grounds for relief.

Moreover, Plaintiff does not explain to the Court why the failure to consider his reply resulted in any injury. Plaintiff does not tell the Court what arguments may have been presented in his reply, nor does he explain how his reply may have changed the court's decision. Without such information, and because the court issued a decision on the merits, this Court cannot conclude that Plaintiff suffered any actual injury. The absence of an injury precludes an access claim, and Plaintiff's Complaint is devoid of any facts suggesting any injury occurred. Christopher v. Harbury, 536 U.S. 403, 415-416, 122 S.Ct. 2179 (2002).

Finally, Plaintiff very clearly alleges that Defendants' *negligent* acts caused his actual injury. However, it is questionable whether a negligent handling of mail, without more, is sufficient to show a denial of access to the courts. See Merryfield v. Jordan, 431 Fed.Appx. 743, 747 (10th Cir. 2011) (when access to courts is impeded by mere negligence, no constitutional violation occurs); Swearington v. CDCR, 2014 WL 1671749, *3 (E.D. Cal. 2014); Williams v. Bigot, 2013 WL 3166344, *2 (E.D. Cal. 2013).

Indeed, it is unclear whether Defendants even acted negligently. Plaintiff believes that his reply was lost or misplaced, but it appears that the San Bernardino County Superior Court received his mail on February 24, 2012. ECF No. 10, at 51. In the Third Level Review, attached as an exhibit, the examiner explained that Plaintiff's mail was processed on January 27, 2012,

7

and the United States Postal Service arrived at SCC and took possession of all outgoing mail. The examiner further explained that once mail leaves SCC, SCC is not responsible for its delay. ECF No. 10, at 52.

Plaintiff was advised of the elements of a First Amendment claim in the prior screening order, but he has failed to correct his prior deficiencies.  For these reasons, Plaintiff fails to state a denial of access to courts claim.

3.    First Amendment - Inmate Appeals

Insofar as Plaintiff cites a freestanding right to file grievances, he is correct that under the First Amendment, prisoners have a right to file grievances.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).  However, Plaintiff was not prevented from filing any grievances.

Rather, he alleges that Defendant Baldwin "failed to properly follow procedures with respect to the processing of Plaintiff's" appeals.  ECF No. 10, at 16.  This does not state a claim. Prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff therefore fails to state a claim under the First Amendment related to the processing of his inmate appeals.

4.    State Law Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission."  Cal. Gov't Code § 844.6(d).  "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages."  Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir.2003).

As noted above, Plaintiff has not shown that Defendants caused any injury.  In any event, even if Plaintiff did state a negligence claim, the Court will not exercise supplemental jurisdiction over a state law claim absent a cognizable federal claim.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir.2001); see also Gini

v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir.1994).  "When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice."  Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989).

**D.    FINDINGS AND RECOMMENDATIONS**

Plaintiff's complaint fails to state any cognizable claims against any Defendant.  Plaintiff was granted an opportunity to amend, but has failed to correct the factual insufficiencies.  Therefore, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For these reasons, the Court RECOMMENDS that Plaintiff's FAC be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.  The Court further RECOMMENDS that Plaintiff's state law negligence claim be DISMISSED WITHOUT PREJUDICE to refiling in state court.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **October 17, 2014**                     /s/ *Dennis L. Beck*

                                   UNITED STATES MAGISTRATE JUDGE

9